■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 19, 1984, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the partial denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress statements is granted, and a new trial is ordered.

While in custody, the defendant made two statements after having been given *Miranda* warnings but within minutes of making an unwarned statement in response to a police officer's inquiry. The unwarned statement was suppressed by the hearing court. Under *People v Chapple* (38 NY2d 112), which, despite *Oregon v Elstad* (470 US 298), remains the law of New York *(People v Bethea,* 67 NY2d 364), all of the statements should have been suppressed *(see, People v Mayorga,* 100 AD2d 853). The trial court's comments, at this nonjury trial, establish that one of the statements which should have been suppressed was an important factor in its finding of guilt, and therefore the error in refusing to suppress it was not harmless *(see, People v Rivera,* 57 NY2d 453). Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.