■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HARRIS, Appellant. [726 NYS2d 672] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 14, 1997, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After defense counsel peremptorily challenged four of the five remaining white venirepersons in the second round of jury selection, the prosecutor made a motion pursuant to *People v Kern* (75 NY2d 638, *cert denied* 498 US 824), and established a prima facie case of discrimination. The burden then shifted to the defense to proffer race neutral reasons for his challenges. The court accepted defense counsel's explanation with respect to three of the prospective jurors, but rejected the reasons offered for the fourth prospective juror.

During voir dire, the challenged venireperson stated that he had previously worked in the Bronx County District Attorney's office, where he handled police paperwork in connection with criminal evidence, and that he was familiar with the vouchering process. Based upon this background and the fact that the defendant intended to raise a chain of custody argument as part of his defense, counsel argued that he had demonstrated race-neutral reasons for peremptorily challenging this particular venireperson. We agree. Since counsel's reasons had a bearing on the case and related to a legitimate concern, the court erred by concluding that the explanation was pretextual and by seating the juror over the defendant's objection (*see, People v Kern, supra*; *People v Bailey,* 200 AD2d 677; *People v Pollard,* 219 AD2d 737). Accordingly, the defendant is entitled to a new trial.

In light of our conclusion, it is unnecessary to reach the defendant's remaining contentions. Ritter, J. P., Santucci, Goldstein and Crane, JJ., concur.