■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WESLEY, Appellant. [735 NYS2d 130] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 18, 1999, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to concurrent terms of seven years, unanimously affirmed.

Defendant got into a scuffle with a police officer who had pulled over the taxi in which defendant was a passenger after the cab went through a taxicab checkpoint without stopping. When the officer opened the rear door of the cab, defendant held a bottle up to the officer's face and said he was "just drinking." Then he extended one leg out of the cab and pushed the officer. During the ensuing tussle, the officer discovered a gun in defendant's waistband.

Supreme Court denied defendant's motion to suppress the gun on the ground that the checkpoint program was constitutional and the taxicab's suspicious activity, i.e., failing to stop at the checkpoint, gave the police a right to investigate further. The court found that: "[t]he bizarre behavior of defendant in thrusting a bottle at the police officer's face only served to heighten that suspicion and finally, when the defendant pushed the police officer aside, that was probable cause to make an arrest. The discovery of the gun resulted directly from the lawful and approved behavior of the police officers in subduing the defendant. Accordingly, the People have clearly demonstrated that the seizure of the property was incidental to a lawful arrest, and suppression is denied."

Disposition of the constitutional question is not necessary to resolve this appeal, and we therefore refrain from addressing that issue (*see, Matter of Clara C. v William L.*, 96 NY2d 244, 250). The court's refusal to suppress the gun was proper, whether or not the taxicab checkpoint program was constitutional, because the gun was revealed as a result of an independent act by defendant that was not in direct response to the

police conduct (*see, People v Boodle*, 47 NY2d 398, 402, *cert denied* 444 US 969). In *Boodle*, the police stopped the defendant on the street, unlawfully, and asked him to get into their car. As they drove off, the defendant threw a gun out of the window. In upholding the denial of the defendant's motion to suppress, the Court of Appeals characterized his attempt to discard the gun as "an independent act involving a calculated risk" (47 NY2d at 404). Here, similarly, defendant's assault on the officer constituted a break in the chain of events that would "dissipate the taint" of any illegality (*id.* at 403 [internal quotation marks omitted], quoting *Wong Sun v United States*, 371 US 471, 487, quoting *Nardone v United States*, 308 US 338, 341). As Supreme Court observed, defendant's conduct provided an independent establishment of probable cause to arrest (*see, People v Cantor*, 36 NY2d 106, 111). Concur—Mazzarelli, J.P., Andrias, Ellerin, Buckley and Marlow, JJ.