■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMARR LITTLE, Appellant. [765 NYS2d 262] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered April 5, 2001, convicting him of attempted murder in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his *Batson* claim (*see Batson v Kentucky*, 476 US 79 [1986]) is without merit. During voir dire, the challenged venireperson stated that he worked in a barber shop. Based upon this background and the fact that there were apparent inconsistencies in statements made by the eyewitnesses in describing the defendant's hairstyle, the prosecutor argued that the prospective juror might improperly use his expertise in this area with the jury. Since the prosecutor's reason was directly related to the facts in this case, the trial court correctly determined that the defendant failed to satisfy his burden of proving that the explanations given by the prosecutor were pretextual (*see People v Payne*, 88 NY2d 172, 182 [1996]; *People v Harris*, 283 AD2d 520 [2001]; *People v Richie*, 217 AD2d 84, 88 [1995]).

The defendant's contention that the seizure of a gun, holster, and other property from him upon his arrest, and the subsequent showup identifications, were the fruits of an unlawful arrest is without merit. When the police officers first observed the defendant, he was moving "very fast," riding his bicycle on

the sidewalk in violation of section 19-176 (b) of the Administrative Code of the City of New York, a traffic infraction (*see* Vehicle and Traffic Law §§ 152, 155; *United States v McFadden,* 238 F3d 198 [2001], *cert denied* 534 US 898 [2001]). Thus, the police officers had a right to stop him (*see People v Ingle,* 36 NY2d 413, 414 [1975]; *People v Paone,* 103 AD2d 1012, 1013 [1984]). In any event, the defendant's shooting at the officers constituted a calculated, independent criminal act, unrelated to the police activity which preceded it (*see People v Townes,* 41 NY2d 97, 101 [1976]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and certain identification testimony.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Smith, J.P., Townes, Cozier and Mastro, JJ., concur.