■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERRELL C. WILLIAMS, Appellant. [813 NYS2d 615]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 2, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). We reject the contention of defendant that Supreme Court erred in refusing to suppress the drugs recovered from the ground near where he was stopped by the police during their pursuit of him, as well as drugs thereafter found by the police during the search of his person. Even assuming, arguendo, that the police acted unlawfully by initially approaching and attempting to detain defendant, we conclude that any initial unlawful conduct was sufficiently attenuated from the subsequent seizure of the drugs recovered from the ground to dissipate any taint arising therefrom (*see People v Townes*, 41 NY2d 97, 101-102 [1976]). Here, the illegal activity of defendant following the alleged initial unlawful conduct of the police, including his commission of various traffic offenses, "serves to render any connection between the lawless conduct of the police and the discovery of the challenged evidence . . . so attenuated as to dissipate the taint" (*id.* at 102 [internal quotation marks omitted]; *see Wong Sun v United States*, 371 US 471, 487-488 [1963]). Upon discovering the drugs that defendant dropped when the police were pursu-

ing him, the police had probable cause to arrest him, and thus the court also properly denied the motion to suppress the additional drugs found on defendant's person during the search incident to the lawful arrest (*see People v Ralston*, 303 AD2d 1014, 1014-1015 [2003], *lv denied* 100 NY2d 565 [2003]; *People v Welch*, 289 AD2d 936 [2001], *lv denied* 98 NY2d 641 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.