■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TINEO, Appellant. [840 NYS2d 369]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 9, 2006, convicting him of murder in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, criminal mischief in the fourth degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that he was improperly arrested based upon a reasonable suspicion and not probable cause that he committed a crime. The evidence adduced at the hearing established that after a detective approached the defendant, who was driving a vehicle which was stopped at a red light, the defendant's vehicle backed into the detective's police vehicle, crashed into another police vehicle in front of him, and sped away from the scene at twice the legal speed limit. The defendant's conduct upon the approach by the police broke the chain of events and dissipated the taint of any illegality in their initial approach (see People v Townes, 41 NY2d 97, 101-102 [1976]; People v Williams, 28 AD3d 1095 [2006]; People v Little, 309 AD2d 767, 767-768 [2003]; People v Wesley, 290 AD2d 244 [2002]; People v Davis, 59 AD2d 722, 723 [1977]).

Contrary to the defendant's contention, his right to counsel did not attach when his mother, who is an attorney, aware that the defendant was missing, called the police in an effort to locate him (see People v Grice, 100 NY2d 318, 322-323 [2003]; People v West, 81 NY2d 370, 373-374 [1993]; People v Casassa, 49 NY2d 668, 681 [1980]; People v Garofolo, 46 NY2d 592, 599-600 [1979]).

The hearing court properly found the defendant's statements to law enforcement officials were voluntarily made (*see* CPL 60.45; *People v Bennett,* 221 AD2d 349 [1995]).

The defendant's remaining contentions are without merit. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur. [*See* 10 Misc 3d 1071(A), 2005 NY Slip Op 52218(U) (2005).]