■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAZERIC JOHNSON, Respondent. [912 NYS2d 303]—

Appeal by the People from (1) an order of the Supreme Court, Queens County (Grosso, J.), dated April 16, 2009, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's vehicle, (2) an order of the same court dated May 14, 2009, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical

evidence recovered from a police van, and (3), a decision of the same court dated June 2, 2009.

Ordered that the appeal from the decision dated June 2, 2009, is dismissed, as no appeal lies from a decision (see *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated April 16, 2009, is affirmed; and it is further,

Ordered that the order dated May 14, 2009, is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from a police van is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The resolution of issues of credibility made by a hearing court is entitled to great deference on appeal, and will not be disturbed unless it is manifestly erroneous or clearly unsupported by the record (see *People v Shackleford*, 57 AD3d 578 [2008]; *People v Sutherland*, 40 AD3d 890, 891 [2007]; *People v Collier*, 35 AD3d 628, 629 [2006]). The hearing court's determination as to the two police officers' credibility was not manifestly erroneous and was supported by the record (see *People v Rivera*, 78 AD3d 1202 [2010]; cf. *People v Hills*, 295 AD2d 365 [2002]). Accordingly, we do not disturb the hearing court's finding that the traffic stop was improper and the arrest of the defendant was unlawful. Therefore, we affirm the April 16, 2009, order granting that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his vehicle immediately after his arrest.

However, the Supreme Court erred in granting that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the police van used to transport the defendant following his arrest. "Generally, when the police have acted illegally, evidence which 'has been come at by exploitation of that illegality' should be suppressed" (*People v Gethers*, 86 NY2d 159, 161-162 [1995], quoting *Wong Sun v United States*, 371 US 471, 488 [1963]). Under the attenuation exception to the exclusionary rule, "[t]he question to be resolved when it is claimed that evidence subsequently obtained is 'tainted' or is 'fruit' of a prior illegality is whether the challenged evidence was [obtained] ' "by exploitation of [the initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint" ' " (*Segura v United States*, 468 US 796, 804-805 [1984], quoting *Wong Sun v United States*, 371 US at 488; see *People v Paulman*, 5 NY3d 122, 130-131 [2005]). Here, contrary to the Supreme Court's determination, the de-

fendant's act of abandoning a quantity of cocaine inside the police van used to transport him to the police precinct following his arrest, is attenuated from the unlawful traffic stop and arrest inasmuch as the abandonment was an "independent act involving a calculated risk" (*People v Boodle*, 47 NY2d 398, 404 [1979], *cert denied* 444 US 969 [1979]; *see People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]; *People v Weekes*, 52 AD3d 1032, 1034-1035 [2008]; *Matter of Deshorn L.*, 277 AD2d 238 [2000]). Accordingly, the May 14, 2009, order granting that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the police van must be reversed. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur.