People v Johnson (2018 NY Slip Op 01553)





People v Johnson


2018 NY Slip Op 01553


Decided on March 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 8, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5938 4442/13

[*1]The People of the State of New York, Respondent,
v
Eric Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at suppression hearing; Ronald A. Zweibel, J. at jury trial and sentencing), rendered September 3, 2015, as amended November 18, 2015, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of 13 years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]). Any illegality in the police officer's initial approach was attenuated by defendant's sudden and aggressive acts of charging at and attacking the officer (see People v Wesley, 290 AD2d 244 [1st Dept 2002], lv denied 98 NY2d 703 [2002]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of minor inconsistencies in the arresting officers' testimony.
The court provided a meaningful response to the jury's request for clarification of the possession element (see People v Steinberg, 79 NY2d 673, 684 [1992]). To the extent there was any error, it was harmless (see People v Badalamenti, 27 NY3d 423, 439 [2016]).
The portions of the prosecutor's summation that defendant characterizes as speculative and burden-shifting constituted proper commentary on the evidence and a fair response to defense counsel's summation (see e.g. People v Kowlessar, 82 AD3d 417 [1st Dept 2011]; People v Overlee, 236 AD2d 133 ]1st Dept 1997[, lv denied 91 NY2d 976 ]1992[).
Defendant did not preserve his other challenges to the prosecutor's summation, his claim — which is also unreviewable for lack of a sufficient record - that the court unduly restricted his impeachment of police witnesses by (unspecified) allegations contained in lawsuits against them, and his complaint about the procedure employed when the trial justice became medically unavailable to preside over the end of jury deliberations. Each of these claims requires preservation, and
we decline to review any of them in the interest of justice. As an alternative holding, we find no basis for reversal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 8, 2018
CLERK