People v Eugenio (2020 NY Slip Op 04318)





People v Eugenio


2020 NY Slip Op 04318


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-03994
 (Ind. No. 503/18)

[*1]The People of the State of New York, appellant,
v
Enique Eugenio, respondent.


Melinda Katz, District Attorney, Kew Gardens, NY (Robert J. Masters, John M. Castellano, Joseph N. Ferdenzi, and Edward D. Saslaw of counsel), for appellant.
Janet E. Sabel, New York, NY (Ronald Alfano of counsel), for respondent.



DECISION & ORDER
Appeal by the People from an order of the Supreme Court, Queens County (Gene Lopez, J.), dated March 13, 2019, which, after a hearing, and upon renewal, granted the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the order is affirmed.
During the late afternoon of November 12, 2017, the defendant was found unconscious behind the wheel of a parked car with the engine running, and was thereafter arrested. He was charged with two counts of operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law §§ 1192(2) and (3), respectively; two counts of consumption or possession of an alcoholic beverage in a motor vehicle, in violation of Vehicle and Traffic Law § 1227; aggravated driving while intoxicated, in violation of Vehicle and Traffic Law § 1192(2-a); and operating a motor vehicle while under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192(1). The defendant moved to suppress physical evidence and his statements made to law enforcement officials.
At a suppression hearing, a police officer testified that, while on patrol on November 12, 2017, he observed an individual who seemed to be passed out behind the wheel of a parked automobile. The officer approached the driver's side of the vehicle, observed the defendant hunched toward the steering wheel, and noticed that the car was running. The officer repeatedly knocked on the window of the vehicle to wake the defendant, who awoke in under one minute. The officer then asked the defendant to open the door and exit the vehicle. After the defendant exited the vehicle, the officer observed a plastic cup near the center console containing liquid and a bottle of scotch whiskey in the back seat. Moreover, the defendant exhibited several indicia of intoxication and told the officer that he had consumed two 24-ounce beers, leading the officer to place him under arrest.
After the hearing, the Supreme Court denied the defendant's motion to suppress physical evidence and statements made after the defendant exited the vehicle. Thereafter, the defendant moved for leave to renew his suppression motion. The Supreme Court granted the defendant's motion and, upon renewal, suppressed the physical evidence and statements. The People appeal.
An officer may approach a parked car for an objective, credible reason, not necessarily indicative of criminality (see People v Harrison, 57 NY2d 470, 475-476; People v Karagoz, 143 AD3d 912, 913). Here, the officer, upon observing the defendant unconscious behind the wheel of a parked vehicle with the engine running, had an objective, credible reason, not necessarily indicative of criminality, for his initial approach of the defendant's vehicle, authorizing him to request information from the defendant (see People v Ocasio, 85 NY2d 982, 985; People v De Bour, 40 NY2d 210, 223). The officer did not, however, request any information; he simply asked the defendant to exit the vehicle. Where, like here, a vehicle is lawfully parked on the street and neither it nor its occupant is under any restraint, and the police have no grounds to suspect the occupant of criminality at that point, requesting the occupant to step out of the vehicle creates a new, unauthorized restraint (see People v Thomas, 275 AD2d 276, 278). Thus, an officer's directive to a defendant to exit a lawfully parked vehicle must be based upon a "reasonable belief that [the] defendant was, in fact, involved in criminal acts' or that he posed some danger' to the [officer]" (People v Larkin, 62 Misc 3d 62, 66-67 [App Term, 2d Dept, 9th & 10th Jud Dists], quoting People v Creary, 61 AD3d 887, 889; see People v Hollman, 79 NY2d 181, 185).
Under the circumstances present in this matter, the fact that the defendant was sleeping in a parked vehicle with the engine running and was awakened by the officer knocking on the window gave the officer the right to request information from the defendant (see People v Ocasio, 85 NY2d at 985; People v Hollman, 79 NY2d at 189-190). However, it did not, without more, provide the officer with reasonable suspicion to restrain the defendant by directing him to exit the vehicle (see People v Morrison, 161 AD2d 608, 609; People v Larkin, 62 Misc 3d at 66-67; cf. People v Ocasio, 85 NY2d at 985).
Accordingly, we agree with the Supreme Court's determination, upon renewal, to grant the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court