People v Green (2020 NY Slip Op 06615)





People v Green


2020 NY Slip Op 06615


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


695.3 KA 16-00800

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT GREEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), AND HODGSON RUSS LLP, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 20, 2015. The appeal was held by this Court by order entered June 7, 2019, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (173 AD3d 1690 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We previously held this case, reserved decision, and remitted the matter to Supreme Court for a determination whether the police officer who initiated a traffic stop of the vehicle in which defendant was a passenger "possessed the requisite justification to conduct a search of defendant" (People v Green, 173 AD3d 1690, 1692 [4th Dept 2019]). Upon remittal, the court determined that the officer had probable cause to search defendant, and that defendant's flight from the officer and subsequent abandonment of the components of a handgun were not in response to unlawful police conduct. The court therefore concluded that the gun should not be suppressed. We now affirm.
We reject defendant's contention that the officer exceeded his authority in ordering defendant out of the vehicle and in directing him to place his hands against the patrol car. It is well settled that "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014] [internal quotation marks omitted]; see People v Clanton, 151 AD3d 1576, 1577 [4th Dept 2017]; People v Ricks, 145 AD3d 1610, 1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]). Here, the court credited the testimony of the officer that he smelled fresh, unburned marihuana emanating from the vehicle through its open windows, and that he was trained and experienced in detecting marihuana. We discern no basis to disturb the court's credibility assessment of the officer inasmuch as " '[n]othing about the officer['s] testimony was unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (People v Williams, 115 AD3d 1344, 1345 [4th Dept 2014]).
We also reject defendant's contention that the officer was not justified in pursuing him when he fled. It is well settled that "the police may pursue a fleeing defendant if they have a reasonable suspicion that defendant has committed or is about to commit a crime" (People v Martinez, 80 NY2d 444, 446 [1992]; see People v Rainey, 110 AD3d 1464, 1465 [4th Dept 2013]). Here, the officer possessed probable cause to search defendant when he fled and, thus, the pursuit of defendant was justified (see generally Martinez, 80 NY2d at 447-448). Inasmuch as " 'the pursuit of . . . defendant was justified, the gun he discarded during the pursuit was not [*2]subject to suppression as the product of unlawful police conduct' " (People v Walker, 149 AD3d 1537, 1538 [4th Dept 2017], lv denied 30 NY3d 954 [2017]; see People v Williams, 120 AD3d 1441, 1442 [2d Dept 2014], lv dismissed 24 NY3d 1089 [2014]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court