People v Contreras (2021 NY Slip Op 03048)





People v Contreras


2021 NY Slip Op 03048


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-07335
 (Ind. No. 3264/12)

[*1]The People of the State of New York, respondent,
v
Jeffrey Contreras, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered July 1, 2015, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was, in effect, to suppress certain testimony regarding the encounter between the police and the defendant.
ORDERED that the judgment is affirmed.
In the early morning hours of August 17, 2012, law enforcement officials were investigating an alleged carjacking that occurred in Queens County. In connection with this investigation, police officers arrested a male suspect, retrieved the 2008 Acura vehicle which was allegedly carjacked, and brought it to the 105th police precinct station house (hereinafter the precinct). Sometime thereafter, the defendant appeared at the precinct and requested to retrieve his cell phone from the allegedly stolen Acura vehicle. Police officers went outside to speak to the defendant, who was waiting in a vehicle outside the precinct. After being asked to step out of the vehicle, the defendant refused, and the officers attempted to physically remove him from the vehicle. The defendant fled the scene and, while driving away, ran over a police officer's legs and struck a parked vehicle.
Days later, the defendant was arrested and charged with one count of reckless endangerment in the first degree. The defendant moved, inter alia, in effect, to suppress certain testimony regarding the encounter between the police and the defendant.
At a suppression hearing, Police Officer Joseph Manzella testified that on August 17, 2012, he exited the precinct with three other officers and saw the defendant sitting in the driver's seat of a parked car. Officer Manzella approached the car on the driver's side and asked through the open window, "What do you need?" The defendant responded that he needed a cell phone out of "that vehicle." Officer Manzella testified that he believed that the defendant was referring to the allegedly stolen Acura vehicle, and he suspected that the defendant had something to do with the theft of that vehicle. Officer Manzella and another officer asked the defendant to step out of his vehicle, and the defendant refused. Officer Manzella opened the driver's side door and again asked the defendant [*2]to step out of the vehicle. The defendant once again refused and tried to close the vehicle's door. Officer Manzella then attempted to physically remove the defendant from the driver's seat of the car, and a physical altercation ensued. Officer Manzella testified that during the altercation, the defendant's vehicle went forward, ran over both his legs, hit a parked vehicle, went in reverse, ran over his ankles, and then fled the scene.
After the hearing, the Supreme Court, among other things, denied that branch of the defendant's motion which was, in effect, to suppress certain testimony regarding the encounter between the police and the defendant. Thereafter, the defendant pleaded guilty to reckless endangerment in the first degree. The defendant appeals.
A police officer may approach a parked car for an objective, credible reason, not necessarily indicative of criminality (see People v Harrison, 57 NY2d 470, 475-476; People v Karagoz, 143 AD3d 912, 913). Here, based upon the defendant's request to retrieve his cell phone from the allegedly stolen vehicle, the police officers had an objective, credible reason to approach the defendant's vehicle and speak to him (see People v Ocasio, 85 NY2d 982, 985; People v De Bour, 40 NY2d 210, 223). However, after briefly speaking to the defendant, Officer Manzella asked him to exit the vehicle, and when the defendant refused, the officer opened the car door and attempted to remove the defendant from the driver's seat. "Where, like here, a vehicle is lawfully parked on the street and neither it nor its occupant is under any restraint, and the police have no grounds to suspect the occupant of criminality at that point, requesting the occupant to step out of the vehicle creates a new, unauthorized restraint" (People v Eugenio, 185 AD3d 1050, 1051; see People v Thomas, 275 AD2d 276, 278). "Thus, an officer's directive to a defendant to exit a lawfully parked vehicle must be based upon a 'reasonable belief that [the] defendant was, in fact, involved in criminal acts or that he posed some danger to the [officer]'" (People v Eugenio, 185 AD3d at 1051-1052, quoting People v Larkin, 62 Misc 3d 62, 66-67 [App Term, 2d Dept, 9th & 10th Jud Dists] [internal quotation marks omitted]).
Contrary to the People's contention, the evidence adduced at the hearing did not establish that Officer Manzella or his fellow officers had a reasonable belief that the defendant was involved in a criminal act or that he posed a danger to them. Officer Manzella testified that when he approached the defendant's vehicle, the defendant was not committing any crimes and was not in violation of any traffic regulations. Contrary to the People's contention, the defendant's request to retrieve his cell phone from the allegedly stolen vehicle, by itself, did not provide the police officers with reasonable suspicion to believe the defendant was involved in the vehicle's theft. Accordingly, Officer Manzella had no basis to ask the defendant to exit the vehicle.
"Under the attenuation exception to the exclusionary rule, '[t]he question to be resolved when it is claimed that evidence subsequently obtained is 'tainted' or is 'fruit' of a prior illegality is whether the challenged evidence was [obtained] 'by exploitation of [the initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint'" (People v Johnson, 79 AD3d 905, 906, quoting Segura v United States, 468 US 796, 804-805 [internal quotation marks omitted]). When determining whether an action taken by a defendant following an impermissible seizure dissipated the taint of the illegality, "[t]he test to be applied is whether defendant's action . . . was spontaneous and precipitated by the illegality or whether it was a calculated act not provoked by the unlawful police activity and thus attenuated from it" (People v Wilkerson, 64 NY2d 749, 750).
Here, the defendant's action in running over Officer Manzella's legs and ankles with the vehicle constituted a calculated, independent criminal act, which broke the chain of events and dissipated the taint of the initial unlawful police conduct (see People ex rel. Gonzalez v Warden of Anna M. Cross Ctr., 79 NY2d 892, 894; People v Townes, 41 NY2d 97, 101-102; People v Nunez, 137 AD3d 569; People v Wofford, 115 AD3d 1332, 1333; People v Tineo, 41 AD3d 876; People v Williams, 28 AD3d 1095, 1095; People v Little, 309 AD2d 767, 767-768; People v Wesley, 290 AD2d 244, 245).
Accordingly, the Supreme Court properly denied that branch of the defendant's [*3]omnibus motion which was, in effect, to suppress certain testimony regarding the encounter between the police and the defendant.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court