People v Potter (2022 NY Slip Op 05045)

People v Potter

2022 NY Slip Op 05045

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-00282
 (Ind. No. 766/18)

[*1]The People of the State of New York, respondent,
v
Donald Potter, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 4, 2019, convicting him of burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in denying those branches of his omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials during an encounter on October 20, 2018. According to testimony presented by the People at the suppression hearing, during the early morning hours on October 20, 2018, an off-duty sergeant for the City of Port Jervis Police Department reported seeing a parked vehicle with the rear driver's side door open and no one in the vicinity of the vehicle. Two police officers were dispatched to the location of the vehicle. Upon arrival, they parked their patrol car behind the vehicle, which matched the off-duty sergeant's description of the parked vehicle, and observed that there were three occupants inside it. As the officers approached the vehicle, they smelled the strong odor of burnt marijuana emanating from it. The officer who approached the vehicle on the driver's side observed a partially burnt, hand-rolled cigar in the center console. He asked the occupants of the vehicle what they were doing, and the driver responded, "Smoking marijuana." The other two occupants, including the defendant, who was sitting in the back seat, remained silent. The driver was placed under arrest, and the other two occupants, including the defendant, were directed to exit the vehicle. As the defendant and the other occupant were exiting, the police officers observed various tools, including pry bars, sledgehammers, and gloves, inside the vehicle. In addition, looking through the back windshield into the trunk area, which was part of the same compartment as the passenger area, the officers observed a large bag that was partially tipped over and contained what appeared to be unopened cell phones. One of the officers asked who owned the cell phones, and the defendant, who was "casually" standing on the sidewalk, stated that the cell phones were his. Upon further questioning, the defendant stated that he acquired the cell phones at an electronics store in Long Island, but he did not have any receipts. Subsequently, the defendant [*2]and the other occupants of the vehicle were transported to the police station pending further investigation.
"On a motion to suppress evidence, the defendant bears the ultimate burden of proof, by a preponderance of the evidence, when challenging the legality of a search and seizure, but the People bear the initial burden of showing the legality of the police conduct" (People v Parker, 180 AD3d 1072, 1072; see People v Faulk, 185 AD3d 953, 954). "The credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Henderson, 197 AD3d 663, 664; see People v Faulk, 185 AD3d at 954).
The County Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "A police officer may approach a parked car for an objective, credible reason, not necessarily indicative of criminality" (People v Contreras, 194 AD3d 835, 836; see People v Ocasio, 85 NY2d 982, 984; People v Eugenio, 185 AD3d 1050, 1051). Here, based on the information received and their own observations upon arrival, the officers dispatched to the scene had an objective, credible reason to approach the vehicle in which the defendant was seated (see People v Contreras, 194 AD3d at 836; People v Eugenio, 185 AD3d at 1051; cf. People v King, 199 AD3d 1454, 1454). In addition, as the law existed in 2018, the odor of marijuana emanating from the vehicle, when detected by an officer qualified by training and experience to recognize it, as here, was alone sufficient to constitute probable cause to search the vehicle and its occupants (see People v Henderson, 197 AD3d at 664; People v McLaren, 131 AD3d 548, 549; cf. Penal Law § 222.05[3]). Moreover, the smell of marijuana, in conjunction with the driver's statement in response to the officer's investigatory question, justified the police conduct in directing the defendant to exit the vehicle (see People v Green, 188 AD3d 1633, 1633-1634; cf. People v Contreras, 194 AD3d at 837). Contrary to the defendant's contention, the officers' hearing testimony was not incredible as a matter of law, and, in exercising our own factual review power, we find that there is no basis to disturb the court's credibility determinations (see People v Henderson, 197 AD3d at 664-665; cf. People v Harris, 192 AD3d 151, 159).
Further, the hearing evidence established that the defendant's statements relating to the ownership and source of the cell phones recovered from the vehicle were made in response to questions that were investigatory, and not accusatory, in nature (see People v Gough, 203 AD3d 747, 749; People v Henderson, 197 AD3d at 665).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court