People v Phillip (2025 NY Slip Op 05699)

People v Phillip

2025 NY Slip Op 05699

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-04205
 (Ind. No. 9172/17)

[*1]The People of the State of New York, respondent,
v
Lenox Phillip, appellant.

Twyla Carter, New York, NY (Sarah Chaudhry of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered April 26, 2019, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joel M. Goldberg, J.H.O.), of that branch of the defendant's motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
At a suppression hearing, the police officer who arrested the defendant testified on behalf of the People. The arresting officer testified that he and his partner were in plainclothes and driving in an unmarked police car with their shields hanging from chains around their necks. They watched as a livery cab slowly approached them with its driver's side windows all the way down on a chilly November night. As the livery cab drove past, its driver turned to look at the officers with his eyes wide open while rolling his eyes to the back of his head. The officers both immediately agreed that the driver was signaling for assistance and turned their car around to stop the livery cab.
Following the stop, on approaching the livery cab, the officers were able to smell a heavy aroma of unburnt marihuana from the vehicle. Upon a protective frisk of the defendant, who was a passenger of the livery cab, the arresting officer recovered multiple bags of marihuana. The arresting officer saw an additional bag of marihuana on top of a laptop bag in the backseat of the livery cab and, upon searching the laptop bag, uncovered more bags of marihuana, a firearm, and ammunition.
The Supreme Court properly denied that branch of the defendant's motion which was to suppress physical evidence. "'On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance'" (People v McLeod, 235 AD3d 999, 1000, quoting People v Hernandez, 40 AD3d 777, 778). "If 'the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal'" (People v McLeod, 235 AD3d at 1000, quoting People v Fletcher, 130 AD3d 1063, 1064).
Here, the observations of the arresting officer, as testified to at the suppression [*2]hearing, provided a sufficient basis for the stop of the vehicle in which the defendant was a passenger. Among other things, the arresting officer testified that, prior to stopping the vehicle, he and his partner observed the livery cab driver make an exaggerated facial expression that they interpreted as signal for help from the driver to them as police officers (see People v Butler, 81 AD3d 484, 485; People v Rodriguez, 265 AD2d 181; People v Otero, 255 AD2d 158, 159; People v Damaceno, 214 AD2d 464). There is no support for the defendant's contention that the livery cab driver's expression could not provide a reasonable basis for the officers' stop (see People v Hampton, 197 AD2d 365, 365).
Nor did the defendant meet his ultimate burden in proving the illegality of the search and seizure. "As the law existed at the time of the subject traffic stop in 2017, the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, was alone sufficient to constitute probable cause" for a search (People v Clements, 221 AD3d 1023, 1025, citing People v Potter, 208 AD3d 802, 804 and People v Henderson, 197 AD3d 663, 664). Here, following the stop, the "strong," "overwhelming" smell of unburnt marihuana provided the arresting officer with probable cause to search the ziplock bag appearing to contain marihuana that he observed on top of the laptop bag. The arresting officer's detection of the odor of marihuana, coupled with his visual observation of a bag appearing to contain marihuana on top of the laptop bag next to where the defendant was sitting in the back seat of the livery cab, were sufficient to constitute probable cause to search the vehicle and its occupants (see People v Potter, 208 AD3d at 804; see also People v Blasich, 73 NY2d 673, 680; People v Clements, 221 AD3d at 1025).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to suppress physical evidence.
The defendant's remaining contentions are without merit.
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court