Matter of Amari G. (2025 NY Slip Op 06166)

Matter of Amari G.

2025 NY Slip Op 06166

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2024-06614
 (Docket No. D-4364-23)

[*1]In the Matter of Amari G. (Anonymous), appellant.

Twyla Carter, New York, NY (John A. Newbery of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Amari G. appeals from an order of disposition of the Family Court, Richmond County (Keith Brown, J.), dated July 3, 2024. The order of disposition, upon an order of fact-finding of the same court dated April 8, 2024, made upon the admission of Amari G., finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, adjudicated him a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the denial, after a hearing, of those branches of Amari G.'s motion which were to suppress physical evidence and certain statements that he made to law enforcement officials.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
In this juvenile delinquency proceeding, the presentment agency filed a petition alleging that the appellant, who was then 15 years old, committed acts which, if committed by an adult, would have constituted criminal possession of a weapon in the second degree, among other crimes. The appellant moved, inter alia, to suppress physical evidence and certain statements that he made to law enforcement officials.
According to the evidence adduced at a suppression hearing, two police officers approached a group of individuals in a parking lot near the Mariners Harbor public housing complex. The appellant and other members of the group walked away from the officers. The officers pursued the appellant on foot but lost sight of him. The police established a perimeter, which included one of the buildings of the public housing complex, wherein two other officers located and arrested the appellant on the roof approximately eight minutes after the officers lost sight of him. The roof was inaccessible to the general public, and there was signage to that effect. The arresting officer searched the appellant and recovered a loaded firearm from his pocket. The appellant was transported to the precinct station house, and approximately three hours later, after being informed of his Miranda rights, the appellant made certain statements to the officers.
Following the suppression hearing, the Family Court, among other things, denied those branches of the appellant's motion which were to suppress physical evidence and his post-[*2]Miranda statements to law enforcement officials. The appellant then admitted to committing an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree. The court thereupon adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 18 months.
Contrary to the appellant's contention, the Family Court properly determined that the recovery of the firearm was attenuated from the undisputedly unlawful initial pursuit. "Under the attenuation exception to the exclusionary rule, '[t]he question to be resolved when it is claimed that evidence subsequently obtained is 'tainted' or is 'fruit' of a prior illegality is whether the challenged evidence was [obtained] 'by exploitation of [the initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint'" (People v Johnson, 79 AD3d 905, 906 [internal quotation marks omitted], quoting Segura v United States, 468 US 796, 804-805; see People v Contreras, 194 AD3d 835, 837). When determining whether an action taken by a defendant following an impermissible seizure dissipated the taint of the illegality, "[t]he test to be applied is whether defendant's action . . . was spontaneous and precipitated by the illegality or whether it was a calculated act not provoked by the unlawful police activity and thus attenuated from it" (People v Wilkerson, 64 NY2d 749, 750). In determining whether an act was calculated, "'the time for reflection is not measured in minutes or seconds it is measured by facts. The time must be long enough to make a choice, as the result of thought and reflection, and to act upon the choice thus made'" (People v Boodle, 47 NY2d 398, 404, quoting People v Gilbert, 199 NY 10, 24).
Here, the appellant's act of trespassing on the roof of a public housing building during the period of time when the officers were unaware of his location constituted a calculated, independent criminal act, which broke the chain of events and dissipated the taint of the initial unlawful police conduct (see People v Contreras, 194 AD3d at 838; Matter of Rauon G., 71 AD3d 675, 676). Accordingly, the Family Court properly denied that branch of the appellant's motion which was to suppress physical evidence.
Contrary to the presentment agency's contention, the appellant's contention that his post-Miranda statements should have been suppressed is preserved for appellate review, as it was raised in the appellant's motion and the Family Court "expressly decided the question raised on appeal" (CPL 470.05[2]; see People v Smith, 22 NY3d 462, 465). Contrary to the appellant's contention, however, his post-Miranda statements were sufficiently attenuated from a pre-Miranda statement to render them admissible, as they were not part of a "single continuous chain of events" with the Miranda violation (People v Paulman, 5 NY3d 122, 130 [internal quotation marks omitted]; see Matter of Tevin W., 176 AD3d 725, 726; Matter of Daniel H., 67 AD3d 527, 529). Accordingly, the court properly declined to suppress the appellant's post-Miranda statements to law enforcement officials.
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court