■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PARMELEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 14, 1990, convicting him of criminal mischief in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision of whether to permit a defendant to withdraw his plea of guilty rests within the sound discretion of the sentencing court (see, CPL 220.60 [3]; *People v Melendez*, 135 AD2d 660). In the present case, it cannot be said that the sentencing court improvidently exercised its discretion since the defendant's motion to withdraw his plea was based only on the fact that he had misapprehended the quality of the State's case (see, *People v Lesesne*, 173 AD2d 407).

The sentencing court properly denied the defendant's motion pursuant to the newly amended CPL 210.20 (1-a) to reduce or dismiss the arson counts charged in the indictment (see, Preiser, 1990 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, 1992 Supp Pamph, CPL 210.20, at 9). The defendant made his motion prior to the effective date of the amendment to the statute. The legislation is silent as to whether the amendment was intended to apply retroactively. Generally, where there is no express legislative intent to the contrary there is a presumption that a nonprocedural statute is to be applied prospectively only and that changes in statutes that are procedural or ameliorative in nature are to be applied retroactively (see, *People v Behlog*, 74 NY2d 237, 240; *People v Oliver*, 1 NY2d 152, 157-158). However, it is not clear that either presumption is applicable to the amendment to CPL 210.20 since the amendment contains both procedural and nonprocedural elements. Thus, in the absence of a governing presumption we find that the evidence of the Legislature's intent that the amendment should not apply retroactively, as manifested in the postponement of the amendment's effective date, governs the applicability of the amendment and requires us to hold that the amendment should not be applied retroactively. Since the amendment cannot be said to apply retroactively to a motion made prior to its effective date, the sentencing court properly denied the defendant's motion.

We also find that the sentencing court did not improvidently exercise its discretion in denying the defendant youthful offender treatment in light of the serious nature of the crime, namely the pipe bombing of two residences which caused property damage. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.