■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE D. McLAREN, Appellant. [14 NYS3d 504]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 30, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Griffin, J.), dated June 23, 2014, which, upon remittitur, denied that branch of the defendant's omnibus motion which was to suppress certain physical evidence. By decision and order on motion dated June 13, 2012, this Court, inter alia, granted the defendant's motion to stay execution of the judgment pending the hearing and determination of the appeal.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the police had probable cause to search the defendant's vehicle and his person. An officer testified at the suppression hearing that he detected the odor of marihuana emanating from inside the vehicle through the open front windows. He further testified that he had been trained in the detection of marihuana and had made hundreds of drug arrests. Contrary to the defendant's contention, "[t]he odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause" to search a vehicle and its occupants (*People v Cuffie*, 109 AD3d 1200, 1201 [2013] [internal quotation marks omitted]; *People v Robinson*, 103 AD3d 421 [2013]; *People v Smith*, 66 AD3d 514 [2009]). Accordingly, the Supreme Court, upon remittitur, properly denied that branch of the defendant's motion which was to suppress the marihuana seized from the vehicle and the weapon seized from the defendant's person.

The defendant's claim that certain of the prosecutor's summation remarks deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). In any event, the contention is without merit. The challenged remarks were either permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396 [1981]), fair response to the arguments and issues raised by the defense (*see People v Halm*, 81 NY2d 819, 821 [1993]), or fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), or, if improper, were not so egregious as to deprive the defendant of a fair trial (*see People v Persaud*, 98 AD3d 527, 529 [2012]).

The defendant's remaining contention is without merit. Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.