People v Couturier (2019 NY Slip Op 08058)





People v Couturier


2019 NY Slip Op 08058


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1002 KA 19-00082

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL D. COUTURIER, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered November 27, 2018. The judgment convicted defendant upon his plea of guilty of arson in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of arson in the fourth degree (Penal Law § 150.05 [1]), defendant contends that County Court erred in failing to warn defendant during the plea proceeding that it could impose an enhanced sentence if he was arrested on new charges while awaiting sentencing. Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on that ground and thus has failed to preserve his contention for our review (see People v Fortner, 23 AD3d 1058, 1058 [4th Dept 2005]; People v Sundown, 305 AD2d 1075, 1076 [4th Dept 2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We further conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status, and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see People v Quinones, 160 AD3d 1441, 1441 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]; People v Parmelee, 184 AD2d 534, 535 [2d Dept 1992]). Contrary to defendant's remaining contention, the enhanced sentence is not unduly harsh or severe.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court