People v Henderson (2021 NY Slip Op 04721)





People v Henderson


2021 NY Slip Op 04721


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-01913
 (Ind. No. 1085/18)

[*1]The People of the State of New York, respondent,
v
Nehemiah Henderson, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered February 7, 2020, convicting him of criminal possession of a forged instrument in the second degree, criminal possession of a forged instrument in the third degree (two counts), obstructing governmental administration in the second degree, and false personation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
According to testimony presented by the People at a suppression hearing, the defendant was a passenger in a vehicle that was stopped for an alleged traffic violation on the Southern State Parkway on May 31, 2018, at approximately 3:17 a.m. Upon approaching the vehicle, law enforcement officials smelled the odor of burning marijuana emanating from the vehicle and, therefore, asked the driver and the defendant to step out of the vehicle. During the encounter, which included a search of the defendant, law enforcement officials recovered two small bags containing what appeared to be marijuana, one from the defendant's person and one from the floor by the back seat of the vehicle. Law enforcement officials also recovered an out-of-state driver's license and two credit cards from the defendant's wallet that were in the name of Mark Jones. The defendant initially claimed his name was Mark Jones, but upon further investigation, that claim was discovered to be false. In addition, the defendant was alleged to have made incriminating statements, including giving the officer another false name, during the encounter.
The defendant was charged with three counts of criminal possession of a forged instrument in the second degree, three counts of criminal possession of a forged instrument in the third degree, obstructing governmental administration in the second degree, and false personation. Following the suppression hearing, the Supreme Court denied suppression of physical evidence and the defendant's statements to law enforcement officials. The defendant was convicted of criminal possession of a forged instrument in the second degree, two counts of criminal possession of a forged instrument in the third degree, obstructing governmental administration in the second degree, and false personation.
"'On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance'" (People v Furrs, 149 AD3d 1098, 1099, quoting People v Clermont, 133 AD3d 612, 613). The defendant bears the ultimate burden of proving that the evidence should not be used against him or her (see People v Faulk, 185 AD3d 953). The credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Watson, 163 AD3d 855; People v Casey, 149 AD3d 770, 771).
The Supreme Court properly denied suppression of physical evidence and the defendant's statements to law enforcement officials. The defendant concedes that the traffic stop was lawful. Moreover, the odor of marijuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants (see People v Garcia, 175 AD3d 1319, 1321; People v Singletary, 156 AD3d 731; People v Singleton, 139 AD3d 208, 215; People v McLaren, 131 AD3d 548, 549; People v Cirigliano, 15 AD3d 672). Here, a New York State Trooper testified that he had completed drug training to recognize drugs and detect the smell of marijuana, which he had encountered numerous times throughout his career. He testified that upon approaching the passenger side of the vehicle, he smelled the odor of marijuana emanating from the vehicle. Contrary to the defendant's contention, the trooper's testimony was not incredible as a matter of law, and, in exercising our own factual review power, there is no basis to disturb the court's determination to credit the trooper's uncontradicted testimony that he smelled marijuana emanating from the vehicle (see People v Faulk, 185 AD3d at 955; People v Moore, 166 AD3d 654, 654).
Further, the hearing evidence established that the defendant's statements relating to the fraudulent driver's license and the two credit cards recovered from his wallet were made, partially, in response to questions that were investigatory in nature, and not accusatory, and, partially, spontaneously. As such, the Supreme Court properly refused to suppress the physical evidence and the defendant's statements (see People v Ocasio, 85 NY2d 982, 985; People v Williams, 81 AD3d 993, 993; People v Brown, 23 AD3d 1090, 1092). With respect to the defendant's statements that his real name was Ryan Wright, which was also a false name, the trooper's warning that the defendant would be arrested if a second search of that name yielded no results merely gave the defendant an opportunity to retract his prior responses, as he had already incriminated himself and, therefore, did not require a warning under Miranda v Arizona (384 US 436) (see People v Allen, 118 AD3d 902, 903).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court