People v Boyd (2022 NY Slip Op 04048)

People v Boyd

2022 NY Slip Op 04048

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

110768
[*1]The People of the State of New York, Respondent,
v
Mujahid Boyd, Appellant.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Tina Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered September 13, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On September 30, 2017, defendant was the subject of a traffic stop in the City of Albany after a state trooper confirmed by radar that defendant was driving 91 miles per hour in a 55-mile-per-hour zone on Interstate Route 787. During the traffic stop, the trooper determined that defendant's vehicle registration had lapsed and been suspended. According to the trooper, he smelled a strong odor of burnt marihuana coming from the vehicle, and defendant admitted to having smoked marihuana an hour earlier. A second trooper administered field sobriety tests while the first trooper searched the vehicle and found marihuana on the floor, as well as a defaced and loaded semiautomatic handgun under the center section of the rear seat. Defendant was arrested and brought to the State Police barracks for questioning. He was arraigned on charges related to this incident the following morning and thereafter released.
On October 6, 2017, defendant was stopped by members of the Albany Police Department for excessively tinted windows. Two detectives approached defendant's vehicle on either side, but he drove away, ran a red light and struck a pedestrian. The police were able to apprehend defendant a short distance away. He was arrested, brought to the Albany police station and questioned. Using information provided by defendant, the police obtained and executed a search warrant at an apartment, where an additional firearm was seized.
Defendant was indicted on charges of criminal possession of a weapon in the second and third degrees for the September 30, 2017 incident, and criminal possession of a weapon in the second degree and reckless endangerment in the first degree in connection with the events of October 6, 2017. Following a suppression hearing, County Court denied in its entirety defendant's motion to suppress statements and physical evidence. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to one count of criminal possession of a weapon in the second degree in connection with the September 30, 2017 incident and agreed to waive his right to appeal in exchange for a promised determinate sentence of between 9 and 11 years in prison followed by 2½ years of postrelease supervision. Defendant was ultimately sentenced in accordance with this plea bargain to a prison term of 11 years followed by the aforementioned period of postrelease supervision. Defendant appeals.
As a preliminary matter, the People concede, and we agree, that defendant's appeal waiver is invalid. County Court did not advise defendant that his right to appeal was separate and distinct from other rights forfeited by his plea, nor did the court ensure that defendant understood "the nature and ramifications of the waiver of the right to [*2]appeal" (People v Brewster, 194 AD3d 1266, 1267 [2021], lv denied 37 NY3d 970 [2021]). Additionally, the written waiver signed by defendant was overbroad, as it indicated that defendant was relinquishing any right to appeal so long as he wassentenced in accordance with his plea bargain (see People v Griffen, 200 AD3d 1195, 1195 [2021], lv denied 37 NY3d 1161 [2022]). Notwithstanding the invalid appeal waiver, we affirm the judgment of conviction.
The indictment was not jurisdictionally defective. Defendant challenges both counts of criminal possession of a weapon in the second degree, contending that they improperly failed to allege that the possession occurred outside of his home or place of business. However, given that defendant had a previous criminal conviction, the home or business exception to criminal possession of a weapon in the second degree did not apply and the People were not required to allege that the possession occurred outside of defendant's home or business (see Penal Law §§ 265.02 [1]; 265.03 [3]; People v Jones, 22 NY3d 53, 59-60 [2013]; People v McCoy, 169 AD3d 1260, 1262 n 1 [2019], lv denied 33 NY3d 1033 [2019]). To the extent that defendant also claims that the People's failure to file a special information charging the prior criminal conviction constitutes a jurisdictional defect, "an indictment is not rendered jurisdictionally defective . . . when the prosecution has failed to file a required special information and such a defect is deemed waived by defendant's knowing and voluntary guilty plea" (People v Smith, 77 AD3d 990, 990-991 [2010] [internal quotation marks and citation omitted], lv denied 16 NY3d 746 [2011]; see People v Sanchez, 55 AD3d 460, 460 [2008], lv denied 11 NY3d 930 [2009]; People v Downs, 26 AD3d 525, 526 [2006], lv denied 6 NY3d 847 [2006]; People v Williamson, 301 AD2d 860, 862 [2003], lv denied 100 NY2d 567 [2003]).[FN1]
County Court properly determined that defendant lacked standing to challenge the seizure of the firearm from the apartment. "A defendant seeking suppression of evidence has the initial burden of showing sufficient grounds for the motion based on sworn allegations of fact and such grounds necessarily include a showing of standing — that is, a legitimate expectation of privacy in the searched premises" (People v Jones, 155 AD3d 1103, 1105 [2017] [internal quotation marks, brackets and citations omitted], lv denied 30 NY3d 1106 [2018]). Where a motion to suppress tangible evidence is not supported by allegations demonstrating a legitimate expectation of privacy in the place searched, the motion may be summarily denied (see People v Ruffin, 191 AD3d 1174, 1178-1179 [2021], lv denied 37 NY3d 960 [2021]).
In support of defendant's motion for suppression, defendant's attorney stated, "[u]pon information and belief," that defendant's statements to the police "were the basis of a search warrant for his home, wherein it is alleged a weapon was found." The People, in their opposition [*3]to the motion, argued that defendant failed to provide sworn allegations of fact supporting standing. Defendant thereafter filed a supplemental affidavit containing factual allegations relating to his expectation of privacy in the vehicle, but he did not address the apartment. Although County Court, on these written submissions alone,could have determined that defendant failed to demonstrate that he had a legitimate expectation of privacy in the apartment (see People v Ibarguen, 37 NY3d 1107, 1108 [2021], cert denied ___ US ___ [2022]), the court instead reserved decision until the time of the suppression hearingand ultimately ruled that defendant lacked standing. In reaching this conclusion, the court had before it defendant's grand jury testimony, wherein defendant was asked where he lived on the date that the apartment was searched and gave two different addresses, neither of which was the address of the subject apartment. Notably, defendant was given multiple opportunities when testifying to clarify whether he lived at the subject apartment, but he did not do so. Also before the court was a sworn affidavit from defendant wherein he claimed that he did live at the subject apartment. The court credited defendant's grand jury testimony and rejected the affidavit. In so doing, the court appeared to take note of the self-serving nature of the affidavit, as well as the fact that it was not submitted until months after defendant had filed his suppression motion and a week after the hearing had begun. Under these circumstances, we discern no error in the court's ruling (seePeople v Ruth, 260 AD2d 296, 296 [1999], lv denied 93 NY2d 929 [1999]).
The record also establishes that the police questioning of defendant on October 6, 2017 did not violate his right to counsel, notwithstanding the fact that defendant was represented by counsel at that time in connection with the September 30, 2017 incident. " Generally, a defendant who is represented by counsel may be questioned about a different, unrepresented crime. However, there are two categories of cases in which police questioning on an unrepresented crime may violate a defendant's right to counsel: (1) where the two matters are so closely related transactionally, or in space or time, that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel; and (2) where, although the matters are less intimately connected . . . the police are aware that the defendant was actually represented by an attorney in one of the matters, and the interrogation actually entails an infringement of the suspect's State constitutional right to counsel by impermissible questioning on the represented crime" (People v Henry, 31 NY3d 364, 368 [2018] [internal quotation marks, footnote, brackets and citations omitted]). Neither exception applies here.
First, the two matters were not closely related transactionally or [*4]in space or time. Rather, these were two separate incidents occurring approximately a week apart, in different locations, and arising out of unrelated traffic stops(see People v Cunningham, 194 AD3d 954, 955 [2021], lv denied 37 NY3d 991 [2021]). Second, although the police became aware while questioning defendant on the second matter that he was represented on the first matter, there was no questioning about the first matter that was either "purposely exploitive [or] designed to add pressure on defendant to confess to the [second,] unrepresented crime" (People v Walker, 285 AD2d 660, 663 [2001] [internal quotation marks and citations omitted], lv denied 97 NY2d 659 [2001], cert denied 535 US 1064 [2002]; see People v Cohen, 90 NY2d 632, 642 [1997]; People v Grant, 260 AD2d 860, 861 [1999], lv denied 93 NY2d 1019 [1999]). The mere fact that the police told defendant that he might potentially help himself in the represented matter if he cooperated in the unrepresented matter did not constitute an infringement on his right to counsel.
We are unpersuaded by defendant's contention that Penal Law § 222.05 should be applied retroactively to negate County Court's finding that there was probable cause for the search of his vehicle on September 30, 2017. This statute, which became effective after the court's suppression ruling, provides, among other things, that the odor of burnt marihuana alone shall no longer provide reasonable cause to believe that a crime has been committed (see Penal Law § 222.05 [3] [b]; People v Sanchez, 196 AD3d 1010, 1012 n 2 [2021], lv denied 37 NY3d 1029 [2021]). It was enacted as part of the Marihuana Regulation and Tax Act, which added article 222 to the Penal Law and legalized the possession of cannabis under certain circumstances (see L 2021, ch 92). "It is well settled that statutes dealing with matters other than procedure are not intended to be applied retroactively absent a plainly manifested legislative intent to that effect" (People v Vaughn, 203 AD3d 1729, 1730 [2022] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [May 24, 2022]). We note that while the legislature chose to make other aspects of the Marihuana Regulation and Tax Act retroactive, it "did not include any provision for retroactive application of Penal Law § 222.05 (3) so as to invalidate searches then lawful, which may have resulted in violent felony convictions that are not marihuana-related, as was the case here" (People v Babadzhanov, 204 AD3d 685, 687 [2022]; see also People v Vaughn, 203 AD3d at 1730).
Defendant's challenge to the severity of his sentence is unavailing. In light of defendant's extensive criminal history, together with the fact that the sentence fell within the agreed-upon range and the statutory parameters, we discern no basis upon which to disturb the sentence imposed (see CPL 470.15 [6] [b]; People v Barzee, 190 AD3d 1016, 1021 [2021], lv denied 36 NY3d 1094 [2021]).
Aarons, J.P., [*5]Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant makes no argument that his plea was other than knowing and voluntary.