People v Riley (2023 NY Slip Op 03806)

People v Riley

2023 NY Slip Op 03806

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-04571
 (Ind. No. 181/21)

[*1]The People of the State of New York, appellant,
v
Quame Riley, respondent.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio, Steven A. Bender, and Maria Wager of counsel), for appellant.
Portale Randazzo LLP, White Plains, NY (Richard A. Portale and Chad Mair of counsel), for respondent.

DECISION & ORDER
Appeal by the People from an order of the County Court, Westchester County (Anne E. Minihan, J.), entered April 15, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.
According to testimony presented by the People at a suppression hearing, the defendant was a passenger in a vehicle that was stopped for a traffic violation. When two police officers approached the car, which had all of its windows rolled down, they smelled a strong odor of marihuana emanating from the car. The driver of the vehicle admitted that a bag containing marihuana was located in the back seat of the vehicle. The police officers then asked the driver and the defendant to step out of the car. One of the officers searched the defendant's person and recovered a firearm from his jacket pocket.
The defendant was charged with criminal possession of a weapon in the second degree and subsequently moved, inter alia, to suppress the physical evidence. Following the suppression hearing, the County Court, among other things, granted that branch of the defendant's omnibus motion.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Furrs, 149 AD3d 1098, 1099 [internal quotation marks omitted]). "The defendant bears the ultimate burden of proving that the evidence should not be used against him or her" (People v Henderson, 197 AD3d 663, 664). "The credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (id.).
Here, the defendant did not challenge the legality of the traffic stop, but argued that the search of his person was unlawful. As the law existed in 2020, the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, was [*2]alone sufficient to constitute probable cause to search the vehicle and its occupants (see People v Potter, 208 AD3d 802, 804; People v Henderson, 197 AD3d at 664; People v McLaren, 131 AD3d 548, 549; People v Chestnut, 43 AD2d 260, 261-262, aff'd 36 NY2d 971). As both officers in the present case testified that, based on their training and experience, they recognized the odor of marihuana emanating from the vehicle, there was probable cause for the search of the defendant's person (see People v Henderson, 197 AD3d at 664; People v McLaren, 131 AD3d at 549; People v Chestnut, 43 AD2d at 261-262, aff'd 36 NY2d 971). The County Court's reliance upon People v Reid (24 NY3d 615) in determining that such testimony, which it did not find to be incredible, nevertheless failed to demonstrate probable cause for the search, was misplaced, as People v Reid pertained to the exception to the warrant requirement for a search incident to an arrest.
Accordingly, the County Court erred in granting that branch of the defendant's omnibus motion which was to suppress physical evidence.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court