People v McLeod (2025 NY Slip Op 01108)

People v McLeod

2025 NY Slip Op 01108

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-06669
 (Ind. No. 447/20)

[*1]The People of the State of New York, respondent,
v
Terrell McLeod, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia L. Morris, J.), rendered August 10, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the defendant's plea of guilty is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
At a suppression hearing, a police officer testified that, on March 1, 2020, at approximately 12:45 a.m., he and his partner stopped a vehicle in which the defendant was a passenger based on the vehicle's "rather dark" tinted windows and an inoperable brake light. The officer testified that as he approached the passenger side of the vehicle, the defendant rolled down the window, and the officer smelled an odor of marihuana emanating from the vehicle. The officer asked the defendant to step out of the vehicle. The officer searched the defendant's person and recovered a firearm from his pants.
The defendant was charged with two counts of criminal possession of a weapon in the second degree. The defendant made an omnibus motion, inter alia, to suppress physical evidence. Following the suppression hearing, the Supreme Court, among other things, denied that branch of the defendant's omnibus motion. The defendant ultimately pleaded guilty to attempted criminal possession of a weapon in the second degree.
Initially, contrary to the defendant's contention, the record demonstrates that he knowingly, willingly, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Bolus, 229 AD3d 465). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the Supreme Court should have granted his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (see People v Gore, 224 AD3d 848, 849).
The defendant's contention that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress physical evidence is not precluded by his valid waiver of the right to appeal, since the court's oral colloquy expressly excluded challenges to the court's suppression rulings. Although the defendant's challenge to this suppression determination is partially unpreserved for appellate review (see CPL 470.05[2]), we review the issue in the exercise of our interest of justice jurisdiction (see id. § 470.15[3][c]).
"'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred'" (People v Baez, 202 AD3d 1102, 1103, affd, 42 NY3d 124, quoting Whren v United States, 517 US 806, 810; see People v Robinson, 97 NY2d 341, 348-349). "On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 AD3d 777, 778; see People v Harris, 192 AD3d 151, 157-158). If "the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal" (People v Fletcher, 130 AD3d 1063, 1064, affd, 27 NY3d 1177; see People v Harris, 192 AD3d at 158).
Here, the People met their burden of establishing the legality of the initial traffic stop. Although the testimony of the police officer at the suppression hearing was insufficient to establish that the officer reasonably believed the windows of the subject vehicle to be over-tinted in violation of Vehicle and Traffic Law § 375(12-a)(b) (see People v Nektalov, 42 NY3d 363, 367-368; cf. People v Biggs, 208 AD3d 1340, 1344), the record supports the Supreme Court's determination to credit the officer's testimony that he observed the vehicle had a defective or inoperable brake light, which justified the stop of the vehicle for a traffic infraction (see Vehicle and Traffic Law § 375[40][b]; People v John, 119 AD3d 709, 710; People v Garcia, 30 AD3d 833, 834; see also People v Beaupre, 170 AD3d 1031, 1032). Contrary to the defendant's contention, the officer's testimony was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Decoteau, 220 AD3d 710, 711).
Nevertheless, the officer's testimony was insufficient to establish that there was probable cause for the search of the defendant's person. As the law existed in 2020, "the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, [was alone] sufficient to constitute probable cause to search the vehicle and its occupants" (People v Henderson, 197 AD3d 663, 664; see People v Riley, 218 AD3d 612, 613). Here, however, the officer did not testify that he had any training or experience in detecting the odor of marihuana (cf. People v Riley, 218 AD3d at 613; People v Henderson, 197 AD3d at 664; People v McLaren, 131 AD3d 548, 549).
Accordingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress physical evidence.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court