People v Martin (2025 NY Slip Op 03842)

People v Martin

2025 NY Slip Op 03842

Decided on June 26, 2025

Appellate Division, Third Department

Lynch, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CR-23-0949

[*1]The People of the State of New York, Respondent,
v
Darnell M. Martin, Appellant.

Calendar Date:April 28, 2025

Before: Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Adam G. Parisi, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered October 1, 2021, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
On this appeal, we are tasked with answering a question left open by the Court of Appeals in People v Pastrana (41 NY3d 23, 29 [2023], cert denied ___ US___, 144 S Ct 1066 [2024]) — namely, whether Penal Law § 222.05 (3) (a), enacted as part of the Marihuana Regulation and Taxation Act (hereinafter MRTA), applies to a post-enactment suppression hearing concerning a pre-enactment search. For the reasons that follow, we answer that question in the affirmative.
In September 2020, a state trooper stopped a vehicle in the Village of Fort Ann, Washington County, for having excessively tinted windows. When the driver rolled down the window, the trooper detected the odor of marihuana emanating from the vehicle and directed the occupants to exit. Upon a search of the occupants, the trooper discovered that two of them — including defendant, who was a passenger in the vehicle — had marihuana cigarettes in their possession. A backpack containing a digital scale and a white powdery substance was subsequently located in the trunk of the vehicle. The substance was confirmed to be cocaine and defendant admitted that the backpack was his.
On March 25, 2021, defendant was charged by indictment with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree. He subsequently moved to, among other things, suppress the evidence recovered from the vehicle on the ground that "the odor of mari[h]uana or possession of mari[h]uana in legally authorized amounts [could] no longer be the [sole] basis for a police search" under provisions of the MRTA that had taken effect on March 31, 2021 (People v Pastrana, 41 NY3d at 29; see Penal Law § 222.05 [3], as added by L 2021, ch 92, § 16). Following a suppression hearing, County Court denied defendant's motion, concluding that Penal Law § 222.05 did not apply retroactively to invalidate the search and that the trooper had probable cause to search the vehicle and its occupants after detecting the smell of marihuana. Defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of the indictment with the understanding that he would be sentenced to five years of probation. County Court imposed the agreed-upon sentence, and defendant appeals.
At the outset, we all agree that "[a]t the time of the stop, the odor of marihuana emanating from a vehicle, when detected by an officer qualified by training and experience to recognize it, was sufficient to constitute probable cause to search the vehicle and its occupants" (People v Herbert, 237 AD3d 1364, 1365 [3d Dept 2025] [internal quotation marks, brackets and citations [*2]omitted]). However, six days after the subject indictment was handed up, the MRTA went into effect with the intent to ameliorate the "devastating collateral consequences including mass incarceration" flowing from the state's prior marihuana laws (Cannabis Law § 2, enacted by L 2021, ch 92, § 2).
Correspondingly, Penal Law § 222.05 (3) (a) — enacted as part of the MRTA — provides that "in any criminal proceeding including proceedings pursuant to [CPL] 710.20 . . . , no finding or determination of reasonable cause to believe a crime has been committed shall be based solely on evidence of . . . the odor of cannabis" (Penal Law § 222.05 [3] [a] [emphasis added]). CPL 710.20 pertains to motions to suppress evidence. By this comprehensive and present tense language, Penal Law § 222.05 (3) (a) expressly limits a suppression court's authority to base a probable cause finding solely upon evidence of the odor of marihuana without regard to when the vehicle search occurred.
We are mindful that the Court of Appeals in People v Pastrana (41 NY3d at 29-30) recently held that "[n]othing in the text or legislative history of the [MRTA] requires or supports the conclusion that the [L]egislature intended for the newly-enacted Penal Law § 222.05 to apply retroactively to invalidate searches that were conducted before the effective date of the statute." The Court further observed that "when the [L]egislature intended the MRTA to impact convictions that became final before the law's effective date, it provided express provisions to that effect" (id. at 30). This case, however, does not involve a pre-enactment conviction. The question we now confront of whether Penal Law § 222.05 (3) (a) applies to a post-enactment suppression hearing concerning a pre-enactment search was not implicated in People v Pastrana, as the defendant in that casewas convicted prior to the effective date of the statute. In fact, the Court of Appeals expressly left this precise question open (see id. at 30 n; id. at 32 n [Halligan, J., dissenting]).
We recognize that statutes are presumed to apply only prospectively and "will not be construed to have retroactive effect unless their language requires this result" (Landgraf v USI Film Products, 511 US 244, 264 [1994] [internal quotation marks and citation omitted]; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]). "But a statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment" (Gottwald v Sebert, 40 NY3d 240, 258 [2023] [internal quotation marks, brackets and citation omitted]). Rather, "[a] statute has retroactive effect if it would impair rights a party possessed when he [or she] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed, thus impacting substantive rights" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365[*3][2020] [internal quotation marks and citation omitted]). Penal Law § 222.05 (3) (a) has no such effect for the statute addresses the trial court's fact-finding authority in a pending criminal proceeding, not the conduct of the participants in the underlying event (see generally Matter of Mia S. [Michelle C.], 212 AD3d 17, 21 [2d Dept 2022] [noting that a similar provision of the MRTA applicable in Family Court proceedings did "not impose a burden or penalty upon individuals" but instead "plac[ed] a restriction on the kind of proof that can establish a prima facie case of neglect"], lv dismissed 39 NY3d 1118 [2023]). In other words, this provision is directed at the present evidentiary findings of a court, "and no real question of retroactive effect on past conduct or events is presented" (Matter of Abrams v Brady, 77 NY2d 741, 750-751 [1991]; see People v Konono, 9 NY2d 924, 925 [1961] [concluding that a section of the CPL precluding reference to prior felony convictions in an indictment was "intended to prohibit the introduction as part of the main case on the trial of evidence of prior convictions even though the indictment was returned prior to the effective date of the statute"]). Since Penal Law § 222.05 (3) (a) was in effect at the time of the suppression hearing and the suppression court's probable cause finding was based solely upon the fact that the trooper smelled the odor of marihuana emanating from the vehicle, that determination was erroneous as a matter of law (see Penal Law § 222.05 [3] [a]; compare Matter of Jeter v Poole, 43 NY3d 241, 250 [2024] [amendments to Social Services Law § 422 did not apply to post-enactment fair hearing where the amendments expressly stated that they would not become effective until a later date]). Defendant's suppression motion should have been granted.
Garry, P.J., and Clark, J., concur.
Egan Jr., J. (dissenting).
The majority and we are in agreement as to what transpired during the September 30, 2020 traffic stop of the white 2011 Volkswagen Jetta in which defendant was traveling, including how the state trooper who made the stop had reasonable cause at the time to search the vehicle after detecting the odor of marihuana wafting from it and how he found cocaine and drug paraphernalia belonging to defendant. After an indictment was handed up on March 25, 2021 that charged defendant with various offenses relating to that incident, he moved to suppress the physical evidence recovered during the search because "the odor of mari[h]uana or possession of mari[h]uana in legally authorized amounts [could] no longer be the [sole] basis for a police search" under Penal Law § 222.05 (3), a provision adopted as part of the Marihuana Regulation and Taxation Act (hereinafter MRTA) that took effect on March 31, 2021 (People v Pastrana, 41 NY3d 23, 29 [2023], cert denied ___ US___, 144 S Ct 1066 [2024]; see Penal Law § 222.05 [3], as added by L 2021, ch 92, § 16). The Court of Appeals has already held that, as a general [*4]matter, "[n]othing in the text or legislative history of the MRTA requires or supports the conclusion that the [L]egislature intended for the newly-enacted Penal Law § 222.05 to apply retroactively to invalidate searches that were conducted before the effective date of the statute" (People v Pastrana, 41 NY3d at 29-30). Unlike the majority, we are satisfied that nothing in Penal Law § 222.05 (3) compels the conclusion that it applies in situations, like this one, where there was "a post-enactment suppression hearing regarding a pre-enactment search" (id. at 30 n). As a result, we respectfully dissent.
The statute provides that, "in any criminal proceeding including [suppression motions made in such a proceeding], no finding or determination of reasonable cause to believe a crime has been committed shall be based solely on evidence of . . . the odor of cannabis" (Penal Law § 222.05 [3] [a]). As this Court has previously observed when considering the impact of Penal Law § 222.05 (3), however, "statutes dealing with matters other than procedure are not intended to be applied retroactively absent a plainly manifested legislative intent to that effect" (People v Boyd, 206 AD3d 1350, 1354 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1149 [2022]; see Matter of Jeter v Poole, 43 NY3d 241, 250 [2024]). The MRTA is a wide-ranging enactment aimed at "regulat[ing], control[ling] and tax[ing] marihuana" that makes major procedural and substantive changes to the law surrounding marihuana use and possession, the most significant of which being the legalization of marihuana possession and sales under specified circumstances after its effective date (Cannabis Law § 2, as added by L 2021, ch 92, § 2). In view of those significant substantive changes, "the evidence of the Legislature's intent that the amendment should not apply retroactively," namely, the effective date of the statute itself, points to the conclusion that Penal Law § 222.05 (3) does not apply where a suppression hearing addresses a search conducted during an earlier period (People v Parmelee, 184 AD2d 534, 535 [2d Dept 1992]).
The majority nevertheless suggests that Penal Law § 222.05 (3) does not actually have any retroactive effect on substantive rights because it only restricts the evidence that can be considered during a suppression hearing. This overlooks that the "impos[ition of] a limitation on the nature of the proof required to establish" reasonable cause to believe a crime was committed for suppression purposes itself impairs "the substantive rights" of the parties in a criminal proceeding, not only because it would effectively alter the standard applicable at the time of the search, but also because it would significantly, and perhaps fatally, limit the admissible evidence available to the People at trial (Matter of Mia S. [Michelle C.], 212 AD3d 17, 21 [2d Dept 2022], lv dismissed 39 NY3d 1118 [2023]; see Matter of Regina Metropolitan Co., LLC v New [*5]York State Div. of Hous. & Community Renewal, 35 NY3d 332, 365 [2020]; compare People v Konono, 9 NY2d 924, 925 [1961] [trial court committed reversible error in declining to strike allegations of prior convictions in indictment that should have been omitted after statutory change and later found their way into evidence at trial]). Moreover, the remainder of the MRTA, and its goal of repealing the existing system of marihuana prohibition and replacing it with a far more permissive framework, strongly suggests that this substantive effect was intended only for criminal conduct occurring after the effective date of the legislation. The directive in Penal Law § 222.05 (3) that the odor of marihuana does not provide "reasonable cause to believe a crime has been committed" makes perfect sense in the aftermath of that repeal, as the possession of marihuana is generally not a crime under the new Penal Law article 222. It makes no sense when applied to suppression hearings addressing conduct under the old statutory regime, a time when law enforcement could conclude from the odor of marihuana that a crime had been committed because marihuana possession was, in fact, illegal. It accordingly appears to us that Penal Law § 222.05 (3) is inextricably tied to the broader repeal of marihuana prohibition effectuated by the MRTA and that we are bound by the statutory directive that "all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed," absent a specific direction to the contrary (General Construction Law § 94 [emphasis added]). The majority does not point to, and we cannot find, such a direction in the MRTA.
To be sure, an exception exists "when the Legislature passes an ameliorative amendment that reduces the punishment for a particular crime," as such an amendment reflects that the Legislature was satisfied "that the lesser penalty sufficiently serves the legitimate demands of the criminal law" regardless of when the crime was committed (People v Behlog, 74 NY2d 237, 240 [1989]; see People v Oliver, 1 NY2d 152, 159-160 [1956]). The MRTA is not remedial in that sense. It repealed the criminal statutes prohibiting marihuana possession and sale and replaced them with an entirely new scheme going forward and, although it created mechanisms for a defendant to revisit convictions for marihuana-related offenses under the old statutory regime and the sentences imposed upon them (see CPL 160.50 [3] [k], as amended by L 2021, ch 92, § 17; CPL 440.10 [1] [k], as amended by L 2021, ch 92, § 18; CPL 440.46-a, as added by L 2021, ch 92, § 24), it did not disturb all convictions under that regime or otherwise indicate that it intended to make the evidentiary standards set forth in Penal Law § 222.05 (3) applicable to criminal [*6]proceedings implicating them. Thus, after "[v]iewing this statutory scheme in its entirety . . . to discern its fair meaning," we agree with County Court that Penal Law § 222.05 (3) (a) has no applicability to suppression hearings in criminal proceedings, like this one, which involve events prior to the effective date of the MRTA (People v Bleau, 276 AD2d 131, 133 [3d Dept 2001]; see also General Construction Law § 94; People v Ennis, 94 AD2d 746, 747 [2d Dept 1983]).
Mackey, J., concurs.
ORDERED that the judgment is reversed, on the law, guilty plea vacated, motion to suppress granted, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.