People v Fasoli (2025 NY Slip Op 05528)

People v Fasoli

2025 NY Slip Op 05528

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-00459
 (Ind. No. 567/20)

[*1]The People of the State of New York, respondent,
v
Alexis Fasoli, appellant.

Twyla Carter, New York, NY (Danielle A. Bernstein of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Kenneth X. L. Markert of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen A. Knopf, J.), rendered December 20, 2022, convicting her of criminal possession of a weapon in the fourth degree, upon her plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
"When a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review" (People v Williams, 27 NY3d 212, 214). In this case, the defendant did not move to withdraw her plea of guilty or otherwise object to its entry prior to the imposition of sentence. Contrary to the defendant's contention, she was required to preserve for appellate review her challenge to the plea's validity. "[A] challenge to the validity of a plea, whether based on the court's failure to mention the Boykin rights or some other alleged defect in the allocution, must be preserved depending on the facts of a case" (People v Conceicao, 26 NY3d 375, 382; see Boykin v Alabama, 395 US 238). Here, the defendant had the opportunity to seek relief from the Supreme Court based on the court's failure to mention the Boykin rights, and, since she failed to do so, her claim is unpreserved for appellate review. In any event, the record reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Lamery, 193 AD3d 977, 978).
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]). The defendant bears the ultimate burden of proving that the evidence should not be used against him or her (see People v Berrios, 28 NY2d 361, 367). The hearing court's credibility determinations are entitled to deference on appeal (see People v Jean-Jacques, 236 AD3d 1055, 1056; People v Faulk, 185 AD3d 953, 954).
Generally, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred (see People v McLeod, 235 AD3d 999, [*2]1000). "Pursuant to the automobile exception to the warrant requirement, a warrantless search of a vehicle is permitted when the police have probable cause to believe the vehicle contains contraband, a weapon, or evidence of a crime. [I]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search" (People v Babadzhanov, 204 AD3d 685, 686 [citations and internal quotation marks omitted]).
Here, the police conduct was justified. The police stop of the vehicle occupied by the defendant and her codefendants was justified by a police officer's observation that the driver of the vehicle was not wearing a seat belt (see People v Robinson, 38 AD3d 572, 573). The police conduct once the vehicle was stopped was justified based on the driver's inability to produce documentation, along with the observation of marijuana on the center console and the detection of the odor of marijuana by a police officer who had training in the detection of marijuana and had made marijuana-related arrests (see People v Riley, 218 AD3d 612, 613; People v Henderson, 197 AD3d 663, 664).
We reject the defendant's contention that the Supreme Court should have applied Penal Law § 222.05(3) in determining that branch of the defendant's omnibus motion which was to suppress physical evidence. That statute, "provid[ing] that the odor of marijuana or possession of marijuana in legally authorized amounts can no longer be the basis for a police search" (People v Pastrana, 41 NY3d 23, 29), became effective on March 31, 2021, after the search was performed but before the suppression hearing was held. Although the Appellate Division, Third Department, recently held that Penal Law § 222.05(3) applied to a post-enactment suppression hearing concerning a pre-enactment search (see People v Martin, ____ AD3d ____, 2025 NY Slip Op 03842 [3d Dept]), we decline to adopt that view. We hold that the operative date for determining whether Penal Law § 222.05(3) applies is when the search was performed, not when the suppression hearing was held (see People v Babadzhanov, 204 AD3d at 686-687). We agree with the dissenting Justices in Martin that "impos[ition of] a limitation on the nature of the proof required to establish reasonable cause to believe a crime was committed for suppression purposes itself impairs the substantive rights of the parties in a criminal proceeding, not only because it would effectively alter the standard applicable at the time of the search, but also because it would significantly, and perhaps fatally, limit the admissible evidence available to the People at trial" (People v Martin, ____ AD3d at ____, 2025 NY Slip Op 03842, *4 [Egan, Jr., J., dissenting] [internal quotation marks omitted]; see Matter of Mia S. [Michelle C.], 212 AD3d 17, 21). Further, this Court has held that Penal Law § 222.05(3) should not be applied retroactively, stating that "[w]e discern no expression of legislative intent to apply the new Penal Law § 222.05(3) retroactively so as to invalidate a search that, when conducted, was lawfully supported by probable cause to believe that a substance then contraband in any amount would be found in the car" (People v Babadzhanov, 204 AD3d at 687).
Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees imposed at sentencing in the interest of justice (see People v Forero, 236 AD3d 816, 817; People v Acevedo, 210 AD3d 1106, 1107).
Accordingly, we affirm the judgment.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court