People v Fessette (2025 NY Slip Op 06760)

People v Fessette

2025 NY Slip Op 06760

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

113162
[*1]The People of the State of New York, Respondent,
v
Kevin Fessette, Appellant.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Thomas J. Butler, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered June 3, 2021, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree and endangering the welfare of a child.
After the victim disclosed that, when he was 10 years old, defendant had showed him pornography, provided him with marihuana and anally penetrated him, defendant was arrested and charged by indictment with criminal sexual act in the first degree and endangering the welfare of a child. At an ensuing Huntley hearing, defendant claimed that his statements to the police should be suppressed because his right to counsel was violated. County Court denied that application and, following a jury trial, defendant was convicted of both crimes. He was then sentenced to a prison term of 25 years, to be followed by 15 years of postrelease supervision, for his conviction of criminal sexual act in the first degree and a concurrent term of one year of incarceration for his conviction of endangering the welfare of a child. Defendant appeals.
Initially, with respect to the issue of whether defendant's right to counsel was infringed upon, defendant was questioned by a detective in 2019 concerning allegations that he had sexually abused the victim in 2017. At the time of the interview, defendant — who was serving a sentence of probation following a 2018 conviction for endangering the welfare of a child, based upon similar allegations involving the victim's underage sister — was represented by counsel relative to a pending violation of probation (hereinafter VOP) petition. The petition alleged that defendant had lied about viewing pornography and failed to disclose attempts to have relationships with adult women.
"Generally, a defendant who is represented by counsel may be questioned about a different, unrepresented crime. However, there are two categories of cases in which police questioning on an unrepresented crime may violate a defendant's right to counsel: (1) where the two matters are so closely related transactionally, or in space or time, that questioning on the unrepresented matter would all but inevitably elicit incriminating responses regarding the matter in which there had been an entry of counsel; and (2) where, although the matters are less intimately connected the police are aware that the defendant was actually represented by an attorney in one of the matters, and the interrogation actually entails an infringement of the suspect's State constitutional right to counsel by impermissible questioning on the represented crime" (People v Henry, 31 NY3d 364, 368 [2018] [internal quotation marks, footnote, ellipsis, brackets and citations omitted]; accord People v Boyd, 206 AD3d 1350, 1353 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; see People v Stephans, 168 AD3d 990, 997 [2d Dept 2019]). Against that backdrop, we conclude that the questioning of defendant did not violate his right to counsel.
Under the first category[*2], defendant's alleged abuse of the victim in 2017 was not in any way related to the allegations set forth in the 2019 VOP petition (see People v Boyd, 206 AD3d at 1353; see e.g. People v Rivers, 225 AD3d 899, 901 [2d Dept 2024], lv denied 42 NY3d 929 [2024]). Defendant points to the fact that the charge that led to his probation sentence involved similar allegations of abuse, in the same time frame, concerning a family member of the victim in this case. In response thereto, we need only note that it was not the underlying charge but, rather, the VOP petition upon which defendant was represented by counsel. Thus, questioning regarding the 2017 abuse of the victim would not "all but inevitably elicit incriminating responses" about the 2019 VOP (People v Henry, 31 NY3d at 368 [internal quotation marks and citation omitted]; see People v Patton, 229 AD3d 808, 809 [2d Dept 2024], lv denied 42 NY3d 1054 [2024]; cf. People v Hilliard, 20 AD3d 674, 677 [3d Dept 2005], lv denied 5 NY3d 853 [2005]). As for the second category, not only is there no indication that the detective was aware of the pending VOP petition or counsel's representation of defendant in connection therewith, but defendant has not even alleged, let alone demonstrated, that the detective engaged in any questioning pertaining to the VOP (see People v Henry, 31 NY3d at 371; People v Cohen, 90 NY2d 632, 640 [1997]; People v Boyd, 206 AD3d at 1353-1354).
Defendant also contends that the sentence was harsh and excessive because County Court did not consider his intellectual disability and history of mental health issues. We are unpersuaded. The court had before it the presentence report, which detailed defendant's mental health history. In addition, in imposing the sentence, the court explicitly referenced defendant's "intellectual limitation" and explained the basis for not affording it significant weight. With that in mind, and recognizing the abhorrent nature of defendant's conduct against a child, along with defendant's utter failure to accept responsibility or demonstrate any remorse, we do not find the imposition of the maximum term of imprisonment to be unduly harsh or severe (see People v Herbert, 230 AD3d 1433, 1433-1434 [3d Dept 2024], lv denied 42 NY3d 1036 [2024]; People v Wright, 155 AD3d 1452, 1455 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]).
Garry, P.J., Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.